JOHN PRESCOTT, *in error*, *vs.* LEWIS MUDGETT.

A division of all the fence in *dispute* between the parties, made in their presence by the fence-viewers, may be legal; although the fence on the *whole line* between them be not divided at that time.

THIS was a writ of error brought by *Prescott*, the original defendant, to reverse a judgment of the Court of Common Pleas in an action commenced originally before a justice of the peace The facts appear in the opinion of the Court.

*Wilson*, for the plaintiff in error, cited *stat. ch.* 44, and argued that a division of fences by the fence-viewers could not be legal, unless they then divided all the fence on the whole line between the parties.

*J. Williamson*, for the original plaintiff, contended, that the fence-viewers acted both legally and judiciously in dividing only that portion of the fence in dispute between the parties. A man may be the owner of a farm, which consists of two tracts purchased of different persons, both adjoining on the same neighbour. Before his purchase the line may have been lawfully divided and fenced on one tract, and neither division or fence made on the other. The change of ownership could not break up a division line. This may have been the state of facts in the present case. The fence-viewers can act only in two cases; one where there is no fence; the other, where there is an insufficient one. As both parties were present at the time, and agreed where the fence in dispute was, it is too late for one of them to dissent afterwards. If either party had requested it, the fence-viewers might have divided the whole line. One party has no right to break up a division of fences, whenever it suits his pleasure.

After a continuance, the opinion of the Court was drawn up by

WESTON C. J. — The case finds, that with respect to a part of the partition fence, between the inclosures of the parties, there was no controversy or dispute. We must understand, that they had themselves divided that portion between them, and that such division was equal, effectual and satisfactory. There was no occasion then for the interposition of the fence-viewers, except for

such portion of the line, as was in dispute. When that should be divided, there would be a division of the whole distance; a portion being divided by the parties, and the residue by the fence-viewers. We cannot perceive that the statute requires that the decision of the fence-viewers should extend beyond, or cover more, than the fence in dispute.

The statute requires, that partition fences should be divided in equal halves; in other words, equally. Each should make half the fence; but it is not necessarily to be understood, that the whole portion of each should be contiguous. One portion may be more distant from the residence of both parties, than the other; or may be from the nature of the ground more expensive or difficult to make. Equality would in such case, be best promoted by assigning to each a portion of the nearer and less difficult, together with a portion also of the more remote and more difficult. If the objection now taken by the plaintiff in error, had been taken before the fence-viewers, who proceeded in the presence of both parties, they would doubtless have divided the whole line. Not having been then made, it must be inferred that both parties were satisfied to abide by their own division.